UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DURADO BROOKS, JR.                                           CIVIL ACTION

VERSUS                                                       NO: 24-942

JFP PROJECT ONE, LLC                                         SECTION: "A" (2)

### ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss (Rec. Doc. 12)** filed by the defendant, JFP Project One, LLC. The plaintiff, Durado Brooks, Jr., opposes the motion. The motion, submitted for consideration on November 13, 2024, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is granted in part and denied in part.

**I.    Background**

The plaintiff, Durado Brooks, Jr., has brought this action against JFP Project One, LLC ("JFP") alleging a litany of employment discrimination claims arising out of his former employment with the defendant.[1] Brooks asserts claims for (1) hostile work environment

---

[1] It is unclear exactly who the plaintiff intended to sue in this case. The EEOC charge of discrimination identifies the offending employer as Fager Films. (Rec. Doc. 1-2, Complaint Exh. A). The opening paragraph of the Original Complaint identifies the defendant as JFP Project One, LLC but Fager Films is not identified as a party to the lawsuit. Prior to the motion to dismiss being filed, the plaintiff was granted leave to file a First Amended Complaint (Rec. Doc. 6), and one of the cited reasons for doing so was to name the proper party that the EEOC charge was filed against. (Rec. Doc. 3, Motion for Leave). Yet the First Amended Complaint is identical to the Original Complaint insofar as the opening paragraph of the First Amended Complaint identifies the defendant as JFP Project One, LLC ("Defendant" or "Fager Films"). Therefore, when the Clerk's Office filed the First Amended Complaint into the record, Fager Films was not added to case as a party. The Court notes that the record reflects service with respect to one defendant only, JFP Project One, LLC. (Rec. Doc. 8, Waiver of Service). Whether Fager Films is

under Title VII and 42 U.S.C. § 1981, (2) racial discrimination under Title VII and § 1981, (3) pay discrimination under Title VII and § 1981, and (4) retaliation under Title VII. JFP seeks dismissal of all of Brooks's claims contending that he has failed to state a claim as to each of his federal causes of action, and further that he has failed to first exhaust his administrative remedies as to his Title VII claims prior to filing suit.

JFP is engaged in the business of media production and filmmaking throughout Louisiana. Jackson Fager is one of the owners of JFP. In March of 2020, Fager contacted Brooks to partner with him for a documentary project about Louisiana high school football. (FAC ¶ 10). According to Fager, he and Brooks were "old-time friends" and Brooks is the godparent of Fager's child. (Rec. Doc. 12-1, Memorandum in Support at 2). Brooks was offered a starting annual salary of $75,000.00 with a 5% share of the sale price of the project. (*Id.* ¶ 12). According to Fager, Brooks was working as a male stripper in the French Quarter and had little to no experience in the film industry but Fager was willing to help Brooks learn and give him a chance to make "some real money." (Rec. Doc. 12-1, Memorandum in Support at 2). Brooks was told that his annual salary would increase to $125,000.00 once the project was sold. (*Id.*). As of June 2022, Brooks knew that this promise would not come to fruition given that the film ultimately sold for a significantly lower amount than anticipated. (*Id.* ¶¶ 26 & 56).

Brooks is an African American male. (FAC ¶ 6). Brooks maintains that for almost three years he was subjected to a racially-hostile work environment. Brooks alleges that he became emotionally stressed due to anger and profanity directed at him by Fager on

---

a separate corporate entity from the defendant JFP Project One, LLC or simply a d/b/a designation is not clear.

January 29, 2023 so he "accepted his constructive discharge." (FAC ¶¶ 41, 71 & 106). According to Fager, Brooks voluntarily quit. (Memorandum in Support at 2).

Brooks filed a Charge of Discrimination with the EEOC on September 26, 2023. (Rec. Doc. 1-2). The EEOC issued a notice of Right to Sue letter on January 17, 2024. (Rec. Doc. 1-3). This lawsuit followed.

JFP now moves to dismiss all of Brooks's claims pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). Although JFP maintains that the material factual allegations supporting the race claims are in fact false, JFP recognizes that in the posture of a Rule 12(b)(6) motion those allegations must be accepted as true. But according to JFP, Brooks nonetheless fails to state a claim for relief.

## II.     Discussion

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

In the context of a Rule 12(b)(6) motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)). Any ambiguities in the current controlling substantive law must be resolved in the plaintiff's favor. *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001) (citing *Burchett v. Cargill, Inc.,* 48 F.3d 173, 176 (5th Cir.1995)).

**1. Exhaustion of Administrative Remedies**

Before bringing a claim under Title VII, the plaintiff must first file a charge with the EEOC. *Carter v. Target Corp.*, 541 Fed. App'x 413, 417 (5th Cir. 2013). Failure to file a charge with the EEOC and to exhaust administrative remedies before filing a Title VII action will result in dismissal. *Id.* (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788–89 (5th Cir.1996)).

To determine whether a Title VII claim has been exhausted, the Court construes the EEOC charge in its broadest reasonable sense and asks whether the claim "can reasonably be expected to grow out of the charge of discrimination." *Davenport v. Edward D. Jones & Co., L.P.*, 891 F.3d 162, 167 (5th Cir. 2018) (citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)). Although "[v]erbal precision and finesse [in the charge] are

not required," a Title VII lawsuit can include only those allegations that are "like or related to [those] allegation[s] contained in the [EEOC] charge and growing out of such allegations during the pendency of the case before the Commission." *Id.*

On September 26, 2023, Brooks filed a Charge of Discrimination with the EEOC. (Rec. Doc. 1-2). In the section labeled "Why Do You Think You Were Discriminated Against," Brooks checked the boxes for Race and Retaliation. (*Id.*). When asked to provide a short narrative in the section labeled "What Happened To You That You Think Was Discriminatory," Brooks wrote: "I was subjected to a racially hostile workplace for almost 3 years. I was eventually forced to resign via constructive dismissal after having my oral contracts breached in retaliation." (*Id.*).

JFP contends that Brooks's Title VII claims fall outside the scope of the EEOC charge, essentially because the narrative that Brooks provided is not descriptive enough. The Court agrees with JFP insofar as Brooks is now attempting to inject a Title VII pay discrimination claim into this lawsuit because that claim cannot be reasonably expected to grow out of the charge, which raises only a racially hostile workplace environment and retaliation. The Court disagrees with JFP as to exhaustion of a hostile work environment claim based on race, a constructive discharge claim, and a Title VII retaliation claim tied to informal complaints that Brooks made to Fager regarding racial hostility in the work environment.

JFP complains that the EEOC charge mentions only Fager Films whereas the defendant sued in this case is JFP Project One, LLC. Generally, a party not named in an EEOC charge may not be sued under Title VII unless there is a "clear identity of interest

between it and the party named in the charge or it has unfairly prevented the filing of an EEOC charge." *Dunn v. Uniroyal Chem. Co.*, 192 F. Supp. 2d 557, 560 (M.D. La. 2001) (citing *Way v. Mueller Brass Co.*, 840 F.2d 303, 307 (5th Cir.1988)). However, "charges filed with the EEOC must be liberally construed because they are made by persons who are unfamiliar with the technicalities of formal pleadings and who usually do not have the assistance of an attorney." *Id.* (citing *Tillman v. City of Boaz*, 548 F.2d 592, 594 (5th Cir.1977)).

As the Court observed in footnote 1 above, the relationship between Fager Films and JFP Project One, LLC, both of which appear to be eponymous designations for Jackson Fager's business ventures, is not clear and certainly does not foreclose a clear identify of interest.

In sum, the motion to dismiss is granted as to the Title VII pay discrimination claim, which is dismissed for failure to exhaust, and denied as to the other Title VII claims insofar as exhaustion is concerned.[2]

### 2. Title VII Claims

Although JFP raises several legitimate criticisms of the allegations provided in support of the remaining Title VII claims, the Court is persuaded that dismissal on the pleadings is not appropriate. Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim. Moreover, at the Rule 12(b)(6) stage the plaintiff need not

---

[2] The § 1981 pay discrimination claim does not require administrative exhaustion. The pay claim appears to be tied to the fact that Brooks did not receive the allegedly promised 5% share of the film's sale price or the salary increase to $125,000. Section 1981 prohibits racial discrimination with respect to the performance of contracts so Brooks survives a motion to dismiss his pay claim under § 1981.

make out a prima facie case of discrimination but rather must allege only two ultimate elements, *i.e.*, 1) an adverse employment action, 2) taken against the plaintiff because of his protected status. *Smith v. Kendall*, No. 23-50713, 2024 WL 4442040, at *4 (5th Cir. Oct. 8, 2024) (citing *Cicalese v. Univ. of Tex. Medical Branch*, 924 f.3d 762, 767 (5th Cir. 2019) (not published)). For a retaliation claim the plaintiff only needs to allege facts "going to the ultimate elements of the claim to survive a motion to dismiss." *Id.* (citing *Wright v. Union Pac. R.R. Co.*, 990 F.3d 428, 433 (5th Cir. 2021)).

In sum, the motion to dismiss is denied as to the remaining Title VII claims.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 12)** filed by the defendant, JFP Project One, LLC, is **GRANTED** as to the Title VII claim for discrimination in pay and **DENIED** in all other respects.

November 27, 2024

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE